JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Mae Becker, | No.   CV-25-04270-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| State of Arizona, et al., | |
| Defendants. | |

On November 14, 2025, Plaintiff Nina Mae Becker, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. Because it appears that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court will permit Plaintiff an opportunity to show cause why the dismissals of her prior lawsuits should not prevent her from proceeding in forma pauperis in this action.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

It appears that at least three of Plaintiff's prior actions or appeals qualify as "strikes" under § 1915(g):

(1)  *Becker v. Federal Bureau of Prisons*, CV-18-02791-PHX-JAT (BSB) (dismissed Oct. 29, 2018 for failure to state a claim);

(2)  *Becker v. Penzone*, CV 23-01216-PHX-JAT (ESW) (dismissed Dec. 20, 2023 for failure to state a claim); and

(3)  *Becker v. Mayes*, CV-25-03333-PHX-JAT (ESW) (dismissed Nov. 17, 2025 for failure to state a claim).

## II.   **Imminent Danger**

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee and $55.00 administrative fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a

plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

Plaintiff makes allegations regarding her inability to vote and run for political office while incarcerated. These allegations do not show that Plaintiff is in imminent danger of serious physical injury.

### III.   Order to Show Cause

"[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) . . . , the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." *Andrews*, 398 F.3d at 1120. This Order serves as notice of Plaintiff's potential disqualification under § 1915(g). The Court will permit Plaintiff an opportunity to show cause in writing why the dismissals of her prior lawsuits and appeal do not preclude her in forma pauperis status under § 1915(g). Plaintiff's response to this Order **shall be limited to this issue** and must be filed within **30 days** of the date this Order is filed. Alternatively, Plaintiff may submit the $405.00 filing and administrative fees within **30 days** of the date this Order is filed.

If Plaintiff fails to timely respond to this Order or fails to persuade the Court that § 1915(g) does not preclude her in forma pauperis status, Plaintiff's Application to Proceed will be denied, and the Complaint and this action will be dismissed without prejudice pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $405.00 filing and administrative fees when she files her action.

### IV.   Warnings

#### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

**B.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **30 days** of the date this Order is filed, why the dismissals of her prior actions or appeals do not preclude her in forma pauperis status under § 1915(g). **Plaintiff's written response shall be limited to this issue only**.

(2)    If Plaintiff fails to either pay the $350.00 filing fee and $55.00 administrative fee **or** file a response to this Order to Show Cause within **30 days** of the date this Order is filed, the Clerk of Court must enter a judgment of dismissal of this action without further notice to Plaintiff and without prejudice to Plaintiff filing a complaint in a new case accompanied by prepayment of the full $405.00 filing and administrative fees and must deny any pending unrelated motions as moot.

Dated this 5th day of December, 2025.

James A. Teilborg
Senior United States District Judge