JL

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Mae Becker,<br><br>   Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>   Defendants. | No.   CV-25-04270-PHX-JAT (JZB)<br><br>**ORDER** |

On November 14, 2025, Plaintiff Nina Mae Becker, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Doc. 2). Because it appeared that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court issued a December 8, 2025 Order to Show Cause that delineated Plaintiff's prior dismissals, notified Plaintiff of her potential disqualification under § 1915(g), and gave her 30 days to either pay the filing and administrative fees or show cause why her prior dismissals did not preclude her in forma pauperis status under § 1915(g).

On December 12, 2025, Plaintiff a second Application to Proceed In Forma Pauperis (Doc. 7). On December 15, 2025, she filed an Application to Proceed In Forma Pauperis on Appeal (Doc. 9) and a Notice of Interlocutory Appeal in the Ninth Circuit Court of Appeals. Plaintiff failed to file a Response to the Order to Show Cause. Pursuant to 28 U.S.C. § 1915(g), the Court will deny the November 14, 2025 Application to Proceed, deny

the December 12 and 15 Applications to Proceed as moot, and dismiss the Complaint and this action without prejudice.

**I.      Notice of Interlocutory Appeal**

As an initial matter, Plaintiff's Notice of Interlocutory Appeal does not divest the Court of jurisdiction over this matter because the Order to Show Cause was not a final, appealable Order.  *See* 28 U.S.C. § 1291; *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.")

**II.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

By failing to respond to the Order to Show Cause, Plaintiff fails to dispute that the prior actions or appeals identified in the Court's December 8, 2025 Order to Show Cause[1]

---

[1] *Becker v. Federal Bureau of Prisons*, CV-18-02791-PHX-JAT (BSB) (dismissed

were dismissed for failure to state a claim. The Court concludes that the prior actions or appeals identified in the Court's December 8, 2025 Order qualify as "strikes" under § 1915(g).

### III. Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee and $55.00 administrative fee unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

In the Complaint, Plaintiff makes allegations regarding her inability to vote and run for political office while incarcerated. These allegations do not show that Plaintiff is in imminent danger of serious physical injury.

### IV. Conclusion

The Court will deny Plaintiff's November 14, 2025 Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, she must prepay the entire $405.00 filing and administrative fees when she files her action.

---

Oct. 29, 2018 for failure to state a claim); *Becker v. Penzone*, CV 23-01216-PHX-JAT (ESW) (dismissed Dec. 20, 2023 for failure to state a claim); *Becker v. Mayes*, CV-25-03333-PHX-JAT (ESW) (dismissed Nov. 17, 2025 for failure to state a claim).

1  **IT IS ORDERED:**

2  (1)  Plaintiff's November 14, 2025 Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2)  Plaintiff's December 12, 2025 (Doc. 7) and December 15, 2025 (Doc. 9) Applications to Proceed In Forma Pauperis are **denied as moot**.

(3)  Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $405.00 filing and administrative fees when she files her action.

(4)  The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of January, 2026.

James A. Teilborg
Senior United States District Judge